Filed 8/23/22 In re T.G. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re T.G., et al., Persons Coming Under Juvenile Court Law. | B312300 |
| _____ <br><br> LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> H.O., <br><br> Defendant and Appellant. | (Los Angeles County Super. Ct. No. 21CCJP00822A, B) <br><br><br> **ORDER MODIFYING OPINION** |

BY THE COURT:

It is ordered that the opinion filed herein on August 12, 2022, is modified as follows:

On the caption page, second paragraph, sentence in the first paragraph, after Daniel G. Rooney, insert "and Janette Freeman Cochran".

There is no change in judgment.

RUBIN, P. J.          BAKER, J.          MOOR, J.

Filed 8/12/22 In re T.G. CA2/5 (unmodified opinion)

## **NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re T.G., et al., Persons Coming Under Juvenile Court Law. | B312300 |
| _____ | (Los Angeles County Super. Ct. No. 21CCJP00822A, B) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| H.O., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Julie Fox Blackshaw, Judge. Dismissed.

Nicole Williams; Daniel G. Rooney, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel and Sally J. Son, Deputy County Counsel, for Plaintiff and Respondent.

_____

H.O. (mother) appeals from the order adjudicating her two children, T.G. (born 2011, older son) and L.W. (born 2021, baby), dependent under Welfare and Institutions Code section 300, subdivision (b), although neither child was removed from her custody and jurisdiction was subsequently terminated as to both children. We dismiss the appeal as moot.

### *FACTUAL AND PROCEDURAL BACKGROUND*

The children have different fathers. Before baby was born, mother and older son's father shared physical and legal custody of older son. In August 2019, mother, while under the influence of an unknown substance, tried to put older son in the car and drive off with him. The maternal grandmother intervened to protect the child, leading to a physical altercation. Police were called. Eventually the juvenile court issued a three-year protective order, protecting both older son and maternal grandmother from mother. The record does not indicate a change in the custody order, but in the immediate aftermath, older son lived exclusively with his father. The protective order appears to have terminated in November 2019.

Mother and baby's father had a turbulent relationship, which included drug use and domestic violence. In September 2020, mother learned that she was 22 weeks pregnant with baby and made the decision to stop using amphetamines. She moved back home with her mother, and requested that her doctor drug test her to prove that she was clean. She repeatedly tested negative and observers (specifically, the maternal grandmother and the father of older son) both saw a positive change in mother. In fact, older son's father was comfortable with older son visiting mother in maternal grandmother's home. Older son, as well, said that he felt safe in mother's home.

When baby was born, in January 2021, mother tested negative for drugs. However, the baby's meconium was positive for amphetamines, caused by mother's use during the pregnancy.

While it was the baby's meconium test that brought the family to the attention of the Department of Children and Family Services (Department), the Department was also concerned about prior referrals, including the 2019 incident that had prompted a protective order. However, mother's condition had improved to the point where neither maternal grandmother nor older son's father believed older son needed to be protected from mother.

On February 22, 2021, the Department filed a petition to declare both children dependent. Neither child was detained from mother.[1] On March 19, 2021, the Department filed an amended petition.

The jurisdiction/disposition hearing was held on May 11, 2021. By that time, mother had continued to drug test, and all tests were negative. Older son's father was very happy with mother's progress, and the fact that she had reengaged in the care of older son.

The court sustained some, but not all, allegations of the petition. Specifically, it found the children dependent, under Welfare and Institutions Code section 300, subdivision (b), for the following three reasons: (1) mother's history of substance abuse and that she was "still somewhat in denial of her substance abuse

---

[1] Baby was detained from his father, with whom he was not living. Throughout the dependency proceedings, baby's father had no more than monitored visitation. He is not a party to this appeal. Older son's father was non-offending. He was represented at the adjudication/disposition hearing, but the petition contained no allegations against him. He is also not a party to this appeal.

3

problem" despite maintaining sobriety; (2) mother's history of domestic violence with baby's father, about which mother continued to be in denial; and (3) baby's father's lengthy and ongoing history of substance abuse.

As to disposition, the Department requested immediate termination of jurisdiction over older son, with joint physical custody, but sole legal custody with older son's father. According to the Department's counsel, the request for sole legal custody was based on the previous protective order. Counsel for mother, older son, and older son's father all argued for joint legal and physical custody. The court agreed, and terminated jurisdiction over older son, with a family court order for joint physical and legal custody, nearly identical to the previous joint legal and physical custody order.

The disposition order for baby removed him from his father and placed him in mother's home (where he was already living), with family maintenance services.

Mother filed a timely notice of appeal.

Six months after disposition, while mother's appeal was pending, the juvenile court terminated jurisdiction over baby and released baby to mother.[2]

On appeal, the Department argued mother's appeal as to baby should be dismissed as both non-justiciable and moot. Jurisdiction over baby had been assumed on the conduct of both mother and baby's father; and it had now been terminated with baby released to mother. As to justiciability, DCFS reasoned that even if this court were to conclude that the dependency court

_____

[2]    Specifically, there was a juvenile custody order granting baby's parents joint legal custody, but mother sole physical custody. Baby's father was granted monitored visitation only.

4

erred in assuming jurisdiction based on mother's conduct, jurisdiction had nonetheless been appropriate based on baby's father's conduct. (See, e.g., *In re H.R.* (2016) 245 Cal.App.4th 1277, 1285-1286 [dependency court has jurisdiction when the conduct of either parent brings the child within the definition of a dependent].) As to mootness, the Department argued no relief could be granted mother as sole physical custody of baby had been returned to her. Mother argued in her Reply Brief that the appeal remained justiciable. We sought additional briefing as to whether the appeal should be dismissed as moot as to both children because jurisdiction had been terminated as to them both. Mother asks that we exercise our discretion to rule on the merits. The Department continues to argue that the case should be dismissed as to baby, but does not pursue the argument as to older son.

### *DISCUSSION*

While an appeal is pending, and without fault of the respondent, if an event occurs which renders it impossible for this court, if it decides the case in favor of appellant, to grant any effectual relief, the appeal becomes moot. (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1316.) As both children have been returned to mother's custody and jurisdiction has been terminated, there is no relief we could order.[3]

Mother suggests that we should consider this appeal regardless of its mootness, because the jurisdictional findings may be used against her in future proceedings. (*In re Drake M.* (2012) 211 Cal.App.4th 754, 762-763 [courts may exercise discretion to reach the merits of a moot appeal if the challenged

---

[3] Mother does not challenge the joint custody order with respect to older son; in fact, she sought that order.

order could potentially impact future proceedings].) "We are unconvinced, however, that any ruling we could issue here would have any practical effect on future dependency proceedings." (*In re N.S.* (2016) 245 Cal.App.4th 53, 63.) Mother admitted the facts of her prior drug abuse; indeed, her opening brief relies on the fact that she was "open and honest" about her drug use, including early in her pregnancy. That fact would certainly be available in any future proceeding. Mother has failed to show how the court's findings, as opposed to the undisputed facts, would have any adverse effect on her in future proceedings.

Similarly, mother suggests that "finding a parent abused her child could lead to inclusion in" the Child Abuse Central Index (CACI). Mother did not argue that the findings *in this case* could result in her inclusion in CACI. "Substantiated findings of general neglect are expressly excluded from those which must be reported for potential inclusion in CACI; only findings of 'child abuse or severe neglect' are subject to the CACI reporting obligation. (Pen. Code, § 11169, subds. (a) & (c).)" (*In re Emily L.* (2021) 73 Cal.App.5th 1, 14.) There were no allegations of child abuse in this case, nor does mother argue that the findings here met the statutory requirements for severe neglect. (See Pen. Code, § 11165.2, subd. (a) [defining severe neglect to include failure to protect the child from severe malnutrition, or willfully causing the child to be placed in a situation such that his health is endangered].) It is therefore unnecessary for us to address whether a parent's possible inclusion in the CACI index is sufficient to overcome mootness, an issue which is presently pending before the California Supreme Court. (*In re D.P.* (Feb. 10, 2021, B30113), 2021 WL 486159 [nonpub. opn.], review granted May 26, 2021, S267429.)

6

We dismiss the appeal as moot.  We express no opinion on the correctness of the jurisdictional findings.

### *DISPOSITION*

The appeal is dismissed as moot.


                                              RUBIN, P. J.

WE CONCUR:


        BAKER, J.



        MOOR, J.